**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2431-21

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

SANDRO VARGAS,

      Defendant-Appellant.

_____

Submitted January 24, 2024 – Decided February 9, 2024

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 15-08-1756.

Joseph E. Krakora, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex Prosecutor, attorney for respondent (Stephen Anton Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After a jury convicted defendant Sandro Vargas of the first-degree murder of Patricia Hiciano, the court imposed a thirty-year sentence with a thirty-year period of parole ineligibility. We affirmed defendant's conviction and sentence on his direct appeal, State v. Vargas, 463 N.J. Super. 598, 619 (App. Div. 2020), and the Supreme Court denied his petition for certification, State v. Vargas, 244 N.J. 302 (2020). Defendant appeals from an order denying his post-conviction relief (PCR) petition without an evidentiary hearing. We affirm.

I.

We described the evidence presented at defendant's trial in our decision on defendant's direct appeal. See Vargas, 463 N.J. Super. at 604-07. We summarize the evidence to the extent necessary to provide context for our discussion of the issues presented on appeal.

Defendant had an intimate relationship with Hiciano, a single mother of four children. Id. at 604. A few months before Hiciano's murder, defendant pushed his way into her home, and defendant and Hiciano argued. Ibid. At a pre-trial N.J.R.E. 104 hearing, Hiciano's teenage daughter testified that defendant was drunk, and she heard defendant threaten Hiciano, stating, "if you can't be with me, then you can't be with anyone." Ibid. Hiciano's daughter then testified at trial that defendant said, "he was tired of telling [Hiciano] that if she

wasn't with him[,] she wouldn't be with anybody." Ibid. During a custodial interrogation following his arrest, defendant confirmed he was last intimate with Hiciano about five months before her murder. Ibid.

On the evening of Hiciano's murder, defendant appeared at the restaurant at which Hiciano worked. Id. at 605. As defendant ate dinner and drank several beers, he was joined by a friend, Jose Luis Silva Lopez. Ibid. At trial, Lopez testified defendant told him he intended to have sex with Hiciano at a hotel later that evening and then showed Lopez a photo of Hiciano with her new boyfriend. Ibid. Lopez explained defendant appeared jealous and told Lopez that he had a compromising video of Hiciano that could get her in trouble with her boss. Ibid.

Lopez and Hiciano later accepted defendant's offer to drive them to their homes. Ibid. Defendant drove his wife's Honda. Ibid. Relying on video surveillance recordings from various points along defendant's route, the State established defendant's whereabouts after he left the restaurant. Ibid.

Defendant first dropped Lopez off at his home. Ibid. Defendant then drove with Hiciano to a hotel where Hiciano left defendant's vehicle and walked away. Ibid. Defendant followed Hiciano slowly in the car, then drove off when Hiciano went into a pizzeria to buy a pizza she had promised her children. Ibid. Hiciano waited at the pizzeria for over twenty minutes, and then walked roughly

A-2431-21

half a mile toward her home with the pizza. Ibid. As she approached her building shortly before 10:30 p.m., she spoke by phone to a friend, saying she would call the friend back once she arrived home. Ibid.

Surveillance recordings showed that while Hiciano was getting the pizza, defendant had parked his car around the block from Hiciano's building and then got out. Ibid. Defendant had sufficient time to arrive at Hiciano's building prior to her arrival with the pizza. Ibid.

A resident of the first-floor apartment at the building testified that shortly after 10:30 p.m., she heard a scuffle in the vacant apartment above her, including muffled screams and the sound of athletic shoes—like those defendant had worn that evening—squeaking on the floor. Ibid. Another recording showed defendant returning to his car minutes later and leaving the area. Ibid. A recording made about an hour later showed defendant arriving home. Id. at 605-06.

Hiciano did not return home that evening. The following morning, Hiciano's daughter called defendant, but her call went to voicemail. Id. at 606. She then called one of Hiciano's co-workers, who happened to be with defendant, and Hiciano's daughter spoke with defendant at that time. Ibid. Defendant said he had not seen Hiciano in a while, pretended he had a bad phone

4

connection, and hung up the phone.  Ibid.  Hiciano's daughter then reported her mother missing to the police.  Ibid.

Later the same day, Hiciano's sister spoke with defendant concerning Hiciano's whereabouts.  Ibid.  At that time, defendant said he had dropped Hiciano off in front of her building the night before, left, and had not seen her again.  Ibid.

Five days later, police discovered Hiciano's body in a vacant second-floor apartment of her building.  Id. at 606.  The evidence presented at trial established she had been strangled to death.  Ibid.  DNA matching defendant was found under Hiciano's fingernails and small pieces of debris found on the floor of defendant's wife's Honda matched debris recovered from the vacant apartment in which Hiciano's body was found.  Ibid.

The police questioned defendant concerning Hiciano.  During the initial questioning, defendant insisted he had dropped Hiciano off across the street from her building and stated that when he did so, there was a group of men and a woman who had congregated there.  Ibid.  During his two interviews with the police, defendant changed his story when confronted by the police with information they had obtained in video surveillance recordings and their investigation.  Ibid.  Defendant finally insisted he last saw Hiciano when she left

his car after she exited it in front of the hotel. Ibid. Defendant asserted that Hiciano proposed to have sex with him but had changed her mind, got out of the car, and walked away. Id. at 606-07. Defendant denied entering Hiciano's building and killing her. Id. at 607.

Defendant did not testify or present any witnesses at trial, and his trial counsel argued in summation that: the police planted the debris in the Honda; Hiciano would not have gone to the second-floor apartment without a struggle, and no witnesses from the apartment building testified about hearing a struggle; there were discrepancies in the State's timeline of the events; and the DNA could have come from Hiciano's prior contacts with defendant. Ibid. In its summation, the State reviewed the evidence and argued in part that defendant's threatening statement to Hiciano, as recounted by her daughter, provided proof of defendant's motive for the murder. Ibid.

Following our affirmance of defendant's conviction and sentence on his direct appeal, Vargas, 463 N.J. Super. at 619, and the Supreme Court's denial of his petition for certification, Vargas, 244 N.J. at 302, defendant filed a pro se PCR petition. The petition did not include any averments of fact supporting a cognizable PCR claim. Instead, defendant listed only three "points" he sought to have PCR counsel "raise or look into." Those three points were described as

6

follows: (1) an unspecified statement by Jose Lopez; (2) Hiciano's daughter's statement that defendant had "threaten[ed]" Hiciano; and (3) "[t]he officer that was use[d] to [interpret for defendant]" during his interviews with the police was not "certified."

Defendant's assigned PCR counsel later filed an extensive brief in support of the petition, arguing defendant's trial and appellate counsel provided ineffective assistance and defendant otherwise was denied a fair trial by the trial court. More particularly, the brief included the following arguments:

POINT I

BUT FOR TRIAL COUNSEL'S INEFFECTIVE REPRESENTATION, THE DEFENDANT'S STATEMENTS WOULD NOT HAVE BEEN HELD ADMISSIBLE.

POINT II

THE DEFENDANT WAS DEPRIVED HIS CONSTITUTIONAL RIGHT TO TESTIFY ON HIS OWN BEHALF.

POINT III

THE DEFENDANT WAS DEPRIVED HIS CONSTITUTIONAL RIGHT TO PRESENT A DEFENSE.

A-2431-21

POINT IV

THE TRIAL COURT DENIED THE DEFENDANT HIS RIGHT TO A FAIR TRIAL BY IMPARTIAL JURY AND HIS DUE PROCESS RIGHT TO A FAIR TRIAL BECAUSE OF IMPROPER CHARGES TO THE JURY.

POINT V

DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS.

POINT VI

THE CUMULATIVE EFFECT OF THE ERRORS COMPLAINED OF RENDERED THE TRIAL UNFAIR.

POINT VII

DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

POINT VIII

AN EVIDENTIARY HEARING IS REQUIRED WITH REGARD TO THE ALLEGATIONS OF DEFENDANT'S PETITION FOR [PCR.]

POINT IX

THE DEFENDANT'S MOTION FOR [PCR] SHOULD NOT BE BARRED BY PROCEDURAL CONSIDERATION.

After hearing argument on the petition, the court issued a written statement of reasons rejecting defendant's claims. The court reasoned that defendant failed to sustain his burden of establishing a prima facie ineffective assistance of counsel claim under the standard established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and adopted for application under our State Constitution by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). The court further concluded defendant otherwise failed to demonstrate he was denied his right to a fair trial.

The court entered an order denying defendant's PCR petition without an evidentiary hearing. This appeal followed. Defendant presents the following arguments for our consideration:

> POINT I
>
> DEFENDANT PRESENTED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE TRIAL COUNSEL FAILED TO ADVISE DEFENDANT OF HIS RIGHT TO TESTIFY AT THE MIRANDA[1] HEARING, AND HAD HE DONE SO, THE RESULT WOULD HAVE BEEN DIFFERENT.
>
> POINT II
>
> DEFENDANT PRESENTED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

COUNSEL BECAUSE TRIAL COUNSEL FAILED TO ADVISE DEFENDANT OF HIS RIGHT TO TESTIFY AT TRIAL DESPITE HIS HAVING NO CRIMINAL RECORD THAT COULD BE USED TO IMPEACH HIM, AND HAD HE DONE SO, THE RESULT WOULD HAVE BEEN DIFFERENT.

POINT III

DEFENDANT PRESENTED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL BECAUSE NEITHER COUNSEL ARGUED THAT THE TRIAL COURT SHOULD HAVE GIVEN THE REQUIRED INSTRUCTION WHEN N.J.R.E. 404(b) EVIDENCE IS ADMITTED AT TRIAL, AND HE WAS THEREFORE ENTITLED TO AN EVIDENTIARY HEARING.

II.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed questions of fact and law. Id. at 420. We may "conduct a de novo review" of the court's "factual findings and legal conclusions" where, as here, the PCR court has not conducted an evidentiary hearing. Id. at 421; see also State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020).

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee a defendant in a criminal proceeding the right to the assistance of counsel in their defense. The right to

A-2431-21

counsel requires "the right to the effective assistance of counsel." State v. Nash, 212 N.J. 518, 541 (2013) (quoting Strickland, 466 U.S. at 686).

To establish a prima facie case of ineffective assistance of counsel, a defendant must show a "reasonable likelihood" of success under the two-prong test outlined in Strickland. State v. Preciose, 129 N.J. 451, 463 (1992); see also Strickland, 466 U.S. at 694; Fritz, 105 N.J. at 58. The Strickland test requires that a defendant show (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" and (2) counsel's "deficient performance prejudiced the defense." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). "With respect to both prongs of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012) (citations omitted). If a defendant fails to sustain his burden under either prong of the standard, a defendant's ineffective assistance of counsel claim fails. Strickland, 466 U.S. at 687.

Under the first prong, a defendant must show "counsel's acts or omissions fell outside the wide range of professionally competent assistance considered in light of all the circumstances of the case." State v. Allegro, 193 N.J. 352, 366

11

(2008) (citation omitted). Our analysis under the first prong is highly deferential to counsel. State v. Arthur, 184 N.J. 307, 318-19 (2005) (citing Strickland, 466 U.S. at 689). There is "'a strong presumption' that [counsel] provided reasonably effective assistance" and counsel's "decisions followed a sound strategic approach to the case[,]" State v. Pierre, 223 N.J. 560, 578-79 (2015) (quoting Strickland, 466 U.S. at 689), even when a strategic decision turns out to be a mistake, State v. Buonadonna, 122 N.J. 22, 42 (1991). A defendant may rebut the presumption of effectiveness by proving trial counsel's actions were not "sound trial strategy." Arthur, 184 N.J. at 319 (quoting Strickland, 466 U.S. at 689).

Under the second Strickland prong, a defendant must "affirmatively prove" "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Strickland, 466 U.S. at 693-94). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Ibid. (citations omitted). Proof of prejudice under Strickland's second prong "is an exacting standard." Ibid. (quoting Allegro, 193 N.J. at 367). A defendant "must affirmatively prove prejudice" in a PCR petition to satisfy the second prong of the Strickland standard. Ibid. (quoting Strickland, 466 U.S. at 693).

Defendant first argues the PCR court erred by rejecting his claim that trial counsel was ineffective at the N.J.R.E. 104 hearing during which the trial court considered the admissibility of his statements to the police. Defendant's claim is founded on the contention that his statements to the police should have been deemed inadmissible because he did not understand his Miranda rights "due to the 'mixed bag' of English and Spanish spoken to him" when advised of his rights.

Defendant argues the PCR court erred by rejecting his claim that trial counsel was ineffective in prosecuting his motion to suppress his statements to police because the PCR court found, in part, that defendant was aware of his right to remain silent by virtue of his prior employment as a police officer in the Dominican Republic. Defendant further argues there is no competent evidence supporting the PCR court's finding that individuals in the Dominican Republic have the same rights to remain silent as those enjoyed by individuals in the United States, and the court could not properly take judicial notice of those purported facts.

We agree the PCR court erred by citing a travel website as support for its determination that individuals in the Dominican Republic enjoy the same right to remain silent as individuals in the United States. Moreover, even if a right to

remain silent comparable to that which exists in the United States was extant in the Dominican Republic while defendant served as a police officer there, the suppression motion record is bereft of evidence establishing defendant was aware that he enjoyed the same rights when he was arrested and questioned by the police in the United States following Hiciano's murder. And, neither the motion court nor the PCR court could correctly assume defendant was aware of his right to remain silent under the laws of the United States and State of New Jersey because the State has the burden of proving, beyond a reasonable doubt, that defendant knowingly, intelligently, and voluntarily waived his right to remain silent. See State v. Sims, 250 N.J. 189, 211 (2022).

The PCR court's error in relying on what it concluded in part was defendant's knowledge of his right to remain silent based on his prior employment in the Dominican Republic does not, however, require a reversal of the court's order denying the PCR petition. That is because, based on our de novo review of the record before the PCR court, we agree that defendant failed to sustain his burden of establishing a prima facie ineffective assistance of counsel claim under the Strickland standard.

Defendant claims trial counsel was ineffective at the suppression hearing by failing to call defendant as a witness. Defendant argues counsel's failure to

14

call him as witness deprived him of "the opportunity to present evidence that would have" resulted in the suppression of his statements to the police. According to defendant's brief on appeal, if he had been called as a witness at the suppression hearing, "he would have been able to testify as to the true circumstances, and in particular, that he was having trouble understanding the Spanish-speaking detectives that were translating" during his police interviews and "that there was also a lot of confusion on [his] part resulting therefrom." Defendant's brief also asserts that "his primary language was Spanish" and "although he was living in the United States[,] his ability to understand was very limited." Defendant further asserts in his brief on appeal that trial counsel did not advise him "he could be called as a witness" at the suppression hearing.

We reject defendant's claim trial counsel was ineffective in prosecuting the motion to suppress defendant's statements to the police because it is supported solely by the arguments of counsel in defendant's brief on appeal. Stated differently, none of the assertions of purported fact on which defendant's claim is based are supported by competent evidence presented to the PCR court.

It is well established that "bald assertions" are insufficient to sustain a defendant's burden of establishing a prima facie case of ineffective assistance under the Strickland standard. State v. Cummings, 321 N.J. Super. 154, 170

(App. Div. 1999). PCR petitions must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity," State v. Jones, 219 N.J. 298, 312 (2014), "'facts sufficient to demonstrate counsel's alleged substandard performance,'" State v. Porter, 216 N.J. 343, 355 (2013) (quoting Cummings, 321 N.J. Super. at 170).

Defendant's claims concerning his purported confusion and inability to understand his Miranda warnings—that the record otherwise shows were provided through a Spanish interpretation provided by a police officer and were written in Spanish and reviewed and signed by defendant—and his attorney's alleged failure to inform defendant he could testify at the hearing, find no support in any competent evidence presented to the PCR court. Proffers of fact offered by counsel at argument on a PCR petition and assertions of fact in a brief to the court do not establish facts supporting a PCR claim. See Jones, 219 N.J. at 312. For those reasons alone, the PCR court therefore correctly rejected defendant's claim his trial counsel was ineffective in prosecuting the motion to suppress defendant's statements to the police.

Lacking any competent evidence establishing grounds supporting defendant's motion to suppress his statements to the police, defendant failed to sustain his burden under Strickland's first prong. An attorney's performance is

not constitutionally deficient by failing to prosecute a claim or make an argument that lacks support in the facts and is therefore meritless. See generally State v. O'Neal, 190 N.J. 601, 619 (2007) (holding "[i]t is not ineffective assistance of counsel for defense counsel not to file a meritless motion"); State v. Worlock, 117 N.J. 596, 625 (1990) ("The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel" (citing Strickland, 466 U.S. at 688)).

For the same reasons, the court correctly determined defendant failed to sustain his burden of establishing, under Strickland's second prong, that there was a reasonable probability that but for counsel's alleged errors in prosecuting the suppression motion, the result of the suppression hearing would have been different. 466 U.S. at 693-94. As noted, defendant had the burden of affirmatively proving prejudice under Strickland's second prong as a result of his counsel's purported error. Gideon, 244 N.J. at 551. Defendant did not sustain that burden because he failed to present any competent evidence establishing that had he testified at the hearing, there is a reasonable probability the court would have suppressed his statements to the police.

In sum, the court correctly denied defendant's claim trial counsel was ineffective during the prosecution of the motion to suppress defendant's

17

statements to the police. As correctly determined by the PCR court, and even absent its reliance on defendant's prior employment as a police officer in the Dominican Republic, defendant failed to present competent evidence satisfying his burden under both prongs of the Strickland standard. See Strickland, 466 U.S. at 687.

Defendant also contends the PCR court erred by rejecting his claim trial counsel was ineffective by not presenting defendant as a witness at trial. Defendant argues counsel advised him it would be best if he did not testify at trial, failed to inform him the decision whether to testify was his "alone to make," and failed to prepare defendant to testify. Defendant further argues that he proffered before the PCR court that "he would have testified that he was innocent of the murder, and the State would not have been able to attack his credibility with any prior criminal convictions because he did not have any."

Defendant's arguments the PCR court erred by rejecting his claim trial counsel was ineffective by not calling him as a witness at trial fail because, again, all the factual underpinnings of the claim are unsupported by competent evidence. The record lacks any certifications, affidavits, or other competent evidence establishing what counsel advised or failed to advise defendant about testifying at trial and, perhaps more importantly, defendant failed to provide an

affidavit or certification setting forth the facts about which he would have testified at trial if he had been called. Defendant's vague, scant, and conclusory putative proffer to the PCR court, and the conclusory assertions in his brief on appeal, do not satisfy his burden of presenting competent evidence establishing facts sufficient to satisfy his burden under the Strickland standard. See Jones, 219 N.J. at 312; Cummings, 321 N.J. Super. at 170.

As the PCR court aptly recognized, defendant failed to sustain his burden under the Strickland standard on his claim trial counsel was ineffective by allegedly failing to call defendant as a witness at trial, advise defendant he could testify at trial, and prepare defendant to testify at trial. We therefore affirm the court's rejection of the claim.

Defendant also asserts the court erred by rejecting his claim that trial counsel was ineffective by failing to request a limiting instruction under N.J.R.E. 404(b) describing the proper use of Hiciano's daughter's testimony that defendant had threatened Hiciano "if he could not have her, no one would." The argument is based on the inaccurate premise that the trial court admitted the statement under N.J.R.E. 404(b) when, in fact, the trial court determined the statement was inadmissible under the Rule. In our view, trial counsel's

19

performance was not deficient by failing to request an instruction under a Rule that the trial court had determined did not support admission of the evidence.

In any event, we recognize that on defendant's direct appeal, we determined the trial court erred by failing to admit evidence of the threat under N.J.R.E. 404(b), Vargas, 463 N.J. Super. at 610, and that generally, admission of evidence under N.J.R.E 404(b) requires a jury instruction detailing the permissible and impermissible uses of the evidence in a jury's deliberations, see State v. Rose, 206 N.J. 141, 161 (2011).

However, we agree with the PCR court that under the circumstances presented, admission of the evidence of defendant's threat without the required N.J.R.E. 404(b) instruction did not deprive defendant of a fair trial. That is because the evidence of defendant's guilt—including the recordings, DNA, debris found in defendant's wife's Honda, and defendant's conflicting and inconsistent statements about his whereabouts and actions, many of which are contradicted by recordings—is overwhelming. As such, there is no reasoned basis to conclude the absence of the instruction resulted in an unfair trial. See Vargas, 463 N.J. Super. at 618 n.9 (collecting cases finding the absence of a jury instruction concerning the proper use of N.J.R.E. 404(b) evidence did not require reversal).

Because we are not persuaded the absence of a jury instruction under N.J.R.E. 404(b) deprived defendant of a fair trial, we reject his argument the PCR court erred by denying his claim that trial counsel was ineffective by failing to request the jury instruction. Moreover, even if counsel's performance was deemed deficient for failing to request the instruction under Strickland's first prong, defendant's ineffective assistance claim fails because he cannot, and has not, affirmatively proven a reasonable probability that but for the error, the result of the trial would have been different. See Gideon, 244 N.J. at 551. Defendant's failure to sustain his burden under Strickland's second prong alone requires a denial of his ineffective assistance claim based on counsel's failure to request a N.J.R.E. 404(b) instruction. See Gaitan, 209 N.J. at 350 ("Although a demonstration of prejudice constitutes the second part of the Strickland analysis, courts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." (citation omitted)).

Defendant also claims appellate counsel was ineffective by failing to raise meritorious issues in support of defendant's direct appeal. See State v. Gaither, 396 N.J. Super. 508, 513 (App. Div. 2007) (finding the Strickland standard is also applied to a claim appellate counsel provided ineffective assistance). We

21

reject the argument because it is untethered to any citation to the record or applicable law demonstrating appellate counsel failed to raise an available meritorious argument, or that there is a reasonable probability that but for any purported error to properly raise an available argument, the result of the appeal would have been different.

We recognize appellate counsel did not argue on appeal that the trial court erred by failing to provide the N.J.R.E. 404(b) instruction. However, even if appellate counsel erred by failing to do so, defendant makes no showing he suffered prejudice under the Strickland standard as a result and, for the reasons we have explained, the absence of the instruction did not deprive defendant of a fair trial and, in our view, would not have required a reversal of his conviction on appeal. We therefore conclude appellate counsel's failure to raise the issue on direct appeal did not constitute ineffective assistance of counsel under the Strickland standard because there is no reasonable probability that but for counsel's purported error, the result of defendant's appeal would have been different. See Strickland, 466 U.S. at 693-94.

In making each of his arguments on appeal, defendant also argues the PCR court erred by denying his petition without an evidentiary hearing. The argument finds no support in the record or applicable law.

> A defendant is entitled to an evidentiary hearing only upon[:] the establishment of a prima facie case in support of [PCR], a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief.
>
> [R. 3:22-10(b).]

"To establish such a prima facie case, the defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997). Because defendant did not establish a prima facie case supporting any of his claims, the court correctly denied his petition without an evidentiary hearing. See Strickland, 466 U.S. at 687.

Any remaining arguments presented on defendant's behalf that we have not expressly addressed are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION